# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROOSEVELT M. WILLIAMS,**
        Petitioner,

    v.                              Case No. 11-CV-01014

**WILLIAM POLLARD, Warden,**
**Waupun Correctional Institution,**
        Respondent.

## DECISION AND ORDER

Pro se petitioner Roosevelt Williams seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of second-degree sexual assault with the use of force, false imprisonment, and battery, and he is currently being held in Waupun Correctional Institution. He claims the state trial court violated his constitutional rights to due process and effective assistance of counsel by unreasonably limiting the time allowed for closing argument.

The facts are as follows: The state brought charges against petitioner based on his ex-girlfriend Linda's allegation that he had driven her to his current girlfriend's apartment, forced her to enter, and then sexually assaulted her. Petitioner was charged with two counts of second-degree sexual assault with use of force, kidnapping, second-degree recklessly endangering safety, battery, and false imprisonment. Testimony was taken on February 21 and 22, 2008 and on March 10, 2008. The court had to grant a 16-day

continuance because the trial ran long and the court was not available to resume proceedings until March 10.

On the final day of the trial, the court informed the parties that they would only have 30 minutes to make their closing statements because the court was concerned about getting the case to the jury for deliberation in a timely fashion.[1] Petitioner's attorney objected to the time limit because he did not believe he would have adequate time to present his client's case, but the judge overruled the objection. He also denied petitioner's subsequent motion for a mistrial based on the same complaint.

The jury deliberated from 8:30 a.m. to 1:00 p.m. on March 11, 2008 and found petitioner guilty on three of the six counts charged. The judge then gave petitioner the following sentences: for second degree sexual assault with use of force, 15 years initial confinement and 10 years extended supervision; for false imprisonment, two years initial confinement and two years extended supervision; and for battery, nine months in the house of corrections. These sentences were set to run concurrently.

Petitioner appealed his convictions to the Wisconsin Court of Appeals claiming that the trial court violated his right to effective assistance of counsel and due process when it limited closing statements to only 30 minutes.[2] Petitioner argued that 30 minutes was not enough time to highlight the inconsistencies in Linda's testimony, especially given the lengthy break in the trial proceedings. The court of appeals affirmed his conviction. The

---

[1] The judge originally told the parties they could have only 25 minutes, but ultimately gave each side 30 minutes to speak.

[2] Petitioner also appealed on the ground that the trial court had erroneously admitted hearsay evidence, but that claim is not relevant to his petition for habeas relief.

court noted that the 16-day gap in trial was not ideal, but that the facts and legal issues in this case were not complex. The main question for the jury was whether Linda was telling the truth, and the court of appeals found that 30 minutes was ample time for defense counsel to attack her credibility. The Wisconsin Supreme Court declined to grant review.

I may grant habeas relief to petitioner under § 2254 only if the state court of appeals' ruling on the merits of his claim "was contrary to or an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §§ 2254(b)(1)(A), 2254(d). A decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached [by the Supreme Court] on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite [to the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

In *Herring v. New York*, the Supreme Court struck down a New York statute that gave state judges the right to deny requests for closing argument in criminal bench trials. 422 U.S. 853 (1975). In doing so, the Court held that a criminal defendant has a constitutional right "to have his counsel make a proper argument on the evidence and the applicable law in his favor, however simple, clear, unimpeached, and conclusive the evidence may seem." *Id.* at 860. However, the Court also noted that a trial court has "broad discretion" to control the duration of closing arguments by "limit[ing] counsel to a reasonable time [and] terminat[ing] argument when continuation would be repetitive or redundant." *Id.* at 862.

3

The state court's ruling was not contrary to or an unreasonable application of *Herring*. 30 minutes seems a little short for closing given the 16-day delay in the middle of the trial, but I cannot say the time limit placed on closing arguments was so unreasonable that it amounted to a constitutional violation. The issues in this case were relatively straightforward. The case turned on the testimony of a single witness, Linda. The task of the defense in its closing argument was to attack Linda's credibility, and the trial court did not clearly abuse its discretion when it found that 30 minutes was a reasonable amount of time to do so. Therefore, I will defer to the state court's ruling and deny petitioner's request for habeas relief.

**THEREFORE, IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED.** The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that Petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 30th day of October 2012.

s/ Lynn Adelman
LYNN ADELMAN
District Judge